UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
AINSLEY WADDELL

                        Plaintiff,                  NOT FOR PUBLICATION
                                                    MEMORANDUM & ORDER
     - against -                             08-CV-0293 (CBA)

CITY OF NEW YORK, et al.

                        Defendants.
---------------------------------------------------X

AMON, United States District Judge:

## I.   Introduction

Plaintiff initiated this action on January 18, 2008, alleging false arrest and imprisonment, excessive force, and malicious prosecution. Magistrate Judge Roanne L. Mann held an initial conference in the case on July 1, 2008, at which plaintiff's counsel failed to appear but participated in by telephone. At the conference, Magistrate Judge Mann ordered that automatic disclosures be completed that day, and that fact discovery be completed by November 14, 2008 (the "July 1, 2008 Order").

Defendant made a pre-motion application to this Court to dismiss this case under Federal Rule of Civil Procedure 12(c) because plaintiff's claims were time-barred, and on October 20, 2008, defendant filed that motion. Plaintiff did not respond to that motion. Defendant then, on November 24, 2008, sought and received permission make a letter motion for dismissal under Rule 41(b), for failure to prosecute, and under Rule 37(b)(2), as a discovery sanction, as well. In the order granting that request, the Court instructed the plaintiff that failure to respond would result in the Court concluding that plaintiff does not oppose the request for dismissal. Plaintiff

1

has failed to respond to either defendant's motion to dismiss for failure to prosecute or its initial motion to dismiss under Rule 12(c).

## II. Discussion

Failure to prosecute "can evidence itself . . . in an action laying dormant with no significant activity to move." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). The Second Circuit will consider five factors in evaluating the propriety of a dismissal under Rule 41(b):

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d. Cir. 2000); see also United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

Plaintiff has not participated in the case before the Court in any fashion after an initial appearance by counsel on July 1, 2008. Defendant notes that but for two brief and ultimately unproductive emails, plaintiff's counsel has ignored all efforts by defense counsel to propound fact discovery as directed by Magistrate Judge Mann. Defendant alleges that plaintiff has not responded to any of defendant's requests for discovery, and that plaintiff's counsel has not responded to numerous messages via telephone, mail, and e-mail, to discuss discovery issues. Plaintiff's counsel, defendant alleges, has failed to comply with the meet and confer requirement of Rule 26(f) and has failed to provide initial disclosures under Rule 26(a). Additionally,

defendant claims that plaintiff refused to provide defendant a release relating to the records of his arrest, a release necessary to enable the defense to evaluate and defend against plaintiff's claims.

Moreover, plaintiff was under advisement by this Court's November 25, 2008 Order, instructing that if the plaintiff failed to file a response by December 8, 2008, "this Court will conclude that plaintiff does not oppose the request for dismissal made in defendants' letter of 11/24/08 [requesting dismissal under Rules 41 and 37 and reiterating request for dismissal under Rule 12(c)]." Order, Nov. 25, 2008. With respect to the third factor, the amount of effort and time expended by defense counsel to attempt to induce plaintiff to meet his court-ordered discovery obligations evinces the likelihood of additional prejudice to the defendant – in terms of expense and inability to defend itself against plaintiff's claims – should the action proceed. This Court's interest in a clear docket is not outweighed by the interest of a plaintiff who has made no effort whatsoever to move his case along, and has indeed, indicated an acquiescence to dismissal by not responding to the November 25, 2008 Order. Finally, there is no indication that any lesser sanction would be appropriate or efficacious: Where a plaintiff does not so much as respond to an Order noting that his failure to do so will be considered an acquiescence to dismissal, there is no reason to believe that any lesser sanction would make him likely to prosecute his case more actively. See Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 667 (2d Cir. 1980) ("Completely aside from his failure to comply with the order, a dismissal is justified for Chira's failure to prosecute at all."). Accordingly, after a review of the relevant factors, this Court finds dismissal of this case for failure to prosecute to be warranted.

Plaintiff's failure to comply with discovery obligations and orders similarly warrants dismissal. Dismissal is available as a sanction, albeit a severe one, for discovery misconduct.

Fed. R. Civ. P. 37(b)(2)(v). See Mathews v. U.S. Shoe Corp., 176 F.R.D. 442, 444-45 (W.D.N.Y. 1997) (dismissal under Rules 37 and 41 warranted where "[t]here is no indication that [plaintiff] has made any attempt whatsoever to comply with defendant's discovery requests, and she has not even responded to defendant's motion to dismiss."). Plaintiff has not met a single discovery obligation in this case, despite the July 1, 2008 Order of Magistrate Judge Mann , requiring that automatic disclosures be completed that day and setting the fact discovery deadline for November 14, 2008. The Second Circuit has held that dismissal with prejudice for failure to comply with a discovery order is only to be used when the court finds "willfulness, bad faith, or any fault." Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (internal quotation marks omitted). Plaintiff's counsel was aware of the discovery deadlines, as they were set at the conference she attended telephonically. The utter absence of any discovery whatsoever demonstrates the insufficiency of lesser sanctions; violation of the express order of the Magistrate Judge with respect to automatic disclosures and failure to comply with discovery obligations more generally also support a dismissal under Rule 37(b)(2)(v).

## III. Conclusion

Accordingly, plaintiff's action is dismissed for failure to prosecute and as a sanction for discovery misconduct. The Clerk of the Court is directed to enter judgment and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
December 29, 2008

s/Hon. Carol B. Amon
Carol Bagley Amon
United States District Judge